Porter, J.
delivered the opinion of the court. The house of Harrod & Ogdens, *298 chased at public sale, all the property left 11J by the late Patrick Norris. G. M. Ogden, a partner of that firm, was one of the testamentary executors of the deceased,* at the time the adjudication took place. The only question to be decided, arises out of these facts. The parish judge decided the sale ivas irregular and void, and the plaintiffs have appealed :—
East’n District.
April, 1822.
The appellees refer us to the following law:
No man who is testamentary execufflir, or guardian of minors, nor any other man or woman, can purchase the property which they administer, and whether they purchase publicly or privately, the act is invalid, and, on proof being made of the fact the sale, must be set aside, &c. Novissima Recopilacion, lib. 10, tit. 12, ley 1.
The provision is imperative, and must be obeyed, if the facts bring the case within it. The evidence establishes that the property of the testator has been sold by auction, and that by that sale, the executor became ow ner of part of it. This would seem to bring the case clearly within the spirit, and almost within the letter, of the law.
The appellants however contend that it *299 does neither, because the purchase was made r not by GP: M. Ogden, the executor, but by Har-rod &. Ogdens. To this position we cannot assent. If the executor buys in his own name, it is not denied that the law considers the act as null. If he buys under that of another, it is still his purchase, and the same consequences must attend it, as no one is permitted to do indirectly, that which he is prohibited to do directly. If other persons in partnership join in th|® acquisition, that cannot change the nature of the transaction, or prevent us from seeing that he has acquired property, which the law says he shall not acquire. We cannot perceive any difference between his buying one-third of the stock in trade of Norris, in his own name, and acquiring the one-third, through a purchase made by a partnership of which he is a member. If the case was doubtful, we should be inclined to lean to this construction, for how useless would this salutary law be, if we held that nothing more was required to avoid its operation, than the insertion of another name, or the aid of another party.
The reason for introducing this principle into our jurisprudence is obvious, and its wis *300 dom manifest. It was to prevent men from being led into temptation ; that théy npght not be placed in a situation where their pri-va^e interests, and their duties to others were at variance; the law presuming that in such case, the latter would be sacrificed. That danger is just as great when an executor buys for himself and others, as when he makes the purchase in his own name. The character of the parties, in this case, cannot be permitted to have any influence on our judgment. a |The transaction may have been a correct one, nay advantageous to the estate of the deceased. But our Code has declared, (6, art. 19,) “ That when to prevent the commission of a particular class of frauds, the law declares certain acts void, its provisions are not to' be dispensed with, on the ground that the particular act in question, has been proved not tobe fraudulent.”
Livingston for the plaintiffs, Seghers for the defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.