Eastern District,
June 1881.

MAHER
vs.
BROWN

*MAHER vs. BROWN.—HENNEN & GRIMES INTERVENING.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW ORLEANS.

An attaching creditor has a right to call for proof of the consideration of an assignment which is opposed to him

Where the proof of that consideration is incomplete he may avail himself of the defect.

The plaintiff attached certain moneys in the hands of Prieur, mayor of the city, which was claimed by the intervening parties, (attorneys at law) under the following assignment from the defendant:

"D. Prieur, Esq, Mayor of the city of New-Orleans;

"Please deliver to Messrs. J. R. Grymes and Alfred Hennen, the pocket-book belonging to me, and the money therein contained, whatever may be the amount—which I have, and do hereby assign, cede, and transfer unto them, for value received.

                    (Signed)          DAN. BROWN."

It was in evidence that this assignment, which was for professional services rendered by the interveners, was served upon the mayor about ten minutes previous to the service of the attachment. There was judgment for the plaintiff for the amount of his claim, and the intervening parties appealed.

*Hennen* and *Grymes* for appellant.

*Preston* for appellee.

*Martin, J.* delivered the opinion of the court.

Process of attachment was levied on a pocket-book containing $4299, moneys of the defendant, in the possession of the mayor. The money was denied to be the defendant's, and the general issue was pleaded.

Hennen and Grymes filed a petition of intervention, claiming the money attached as their own under an assignment from the defendant, notified to the mayor before the service of the attachment.

To this petition the plaintiff answered, that the interven-

ing parties were entitled to a reasonable fee out of the property attached, for defending the defendant on a criminal prosecution, and gave no other consideration for the assignment claimed by them.

There was a verdict, and judgment in favour of the plaintiff for $1186 45, and costs; and in favour of the intervening parties for the balance. They made an unsuccessful attempt to obtain a new trial, and appealed.

The record shews that on the day the attachment was sued out, the intervening parties accompanied the defendant to the mayor's office, for the purpose of assisting him to obtain from the mayor, the pocket-book of the defendant, containing a large sum of money, (the exact amount was unknown to him;) and one of the intervening parties stated to the mayor, "in order to induce him to relinquish the pocket-book, that his keeping it was precluding the defendant from all possibility of getting back, or of procuring counsel to defend him." On the magistrate's persisting in his refusal, the other intervening party drew the following assignment:

"New-Orleans, February 1st, 1831.
"A. Prieur, Esq. Mayor, &c.

"Sir—Please to deliver to Messrs. A. Hennen and J. R. Grymes, the pocket-book belonging to me, and all the money therein contained, whatever may be the amount—which I have, and do hereby assign, cede, and transfer to them, for value received."

This assignment having received the defendant's signature, was immediately notified to the mayor, who, on the suggestion of a gentleman of the bar who was accidentally present, noted on the assignment the date of the notice. A short time after, the sheriff's officer came and served the attachment.

In this court the intervening parties have contended, that the assignment and the notice to the mayor had vested an

An attaching creditor has a right to call for proof of the consideration of an assignment which is opposed to him.

indefeasible right in them to the book and its contents, which the posterior service of the attachment did not affect.

It does not appear to us that the principle of law contended for by the intervening party, can be contested otherwise than on the score of the absence of a valid consideration.

The evidence fully establishes the plaintiff's claim. One of the intervening parties was directed by the defendant to confess judgment for it.

There is no evidence of any consideration for the assignment, except what results from the words "*for* value received," and from the relation of counsel and client, between the assignees and assignor.

The case presents two questions: 1st, Whether an attaching creditor has a right to call for proof of the consideration of an assignment which is opposed to him? 2d, Whether when the proof of that consideration is incomplete, he may avail himself of the defect?

Where the proof of the consideration is incomplete he may avail himself of the defect.

I. The statement of the first question shews that there is no difficulty in the answer. The attaching creditor cannot be deprived of his lien and the right resulting from it, unless by a person who has previously acquired the property of the thing attached; and if the validity of the consideration be a necessary ingredient in the right of the assignee, the proof must come from him who alleges the assignment; for his opponents cannot prove a negative. It is clear of any doubt that it is a *bona fide* assignment alone which can be successfully opposed to the attaching creditor; and if proof of the validity of the consideration could not be demanded, this would be tantamount to a declaration that a fraudulent or collusive assignment might have that effect.

When the object of the assignment is to secure a debt, and the thing assigned is evidently of a value far beyond it, the overplus may, perhaps, be liable to the claim of the attaching creditor.

When the inadequacy of the price is enormous, it may fur-

nish ground to presume fraud, or violence, or error might be presented as reasons for shewing that the free consent of the transferrer was wanting.

II. There may be cases, in which the consideration not being complete, such as inadequacy of price, or circumstances personal to the parties to the assignment, may not be available to the attaching creditor; but in the present case, the incompleteness of the consideration is of a nature which enables the plaintiff to urge it.

The testimony does not shew that it was ever understood between the intervening parties and the dafendant, that the latter was indebted to the former in any specific sum, or that the whole amount in the pocket-book was intended as a fee for them. On the contrary, their own witness shews they solicited the mayor to relinquish the pocket-book, not for their own benefit exclusively, but for the double purpose of the defendant's obtaining a succour, and being enabled to allow them a compensation. Had the mayor, acceding to the proposition, handed the money to the intervening parties, and the sheriff's officer instantly served the attachment on them, the claim of the attaching creditor to what exceeded a fair remuneration, could not have been resisted. In what succeeded the refusal of the mayor, viz. the writing, signature, and notice to the mayor, till the service of the attachment, the jury have not seen; neither can we discover any evidence of a liquidation or payment of the demands of the intervening party. They have given no evidence of the value of their services.

The jury have been of opinion that a fee of three thousand and odd dollars was a fair compensation, and that a sufficient sum remained in the mayor's hands, after paying the plaintiff, to afford a proper remuneration to the intervening parties. The first judge has expressed himself satisfied with that verdict, and it does not appear to us that he or they erred.

It is therefore ordered, adjudged, and decreed, that the judgment of Parish Court be affirmed with costs.