## THEOPHILUS PARK and another *v.* WILLIAM PORTER.

An order to deliver to the consignee, property seized by attachment, on a vessel in which it had been shipped for the purpose of being sent out of the State for sale, on his executing bond with security to abide the judgment of the court, is final as to the possession of the property, and may be appealed from.

A judgment may be so far final as to be subject to appeal, without being final as to the point at issue.

To entitle a party to an appeal from an interlocutory judgment, it is not necessary that

Park and another v. Porter.

the injury be absolutely irreparable; it is sufficient that it may become irreparable in consequence of the final action of the court.

The possession of a bill of lading, like that of a bill of exchange, is *prima facie* evidence of title; and, in the absence of contradictory evidence, will entitle an intervening claimant to bond the property seized by attachment.

The claim of a consignee, for advances, is superior to that of an attaching creditor, where the former had received the bill of lading previous to the attachment. But proof of such advances will not defeat the attachment of the latter, who will be entitled to any surplus after payment of the advances and necessary expenses.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Van Matre*, for the appellants.

*Benjamin*, for the intervenor.

GARLAND, J. This suit was commenced by attachment, to recover $418 63 of Porter. The sheriff returned that he had attached, in the hands of the captain and owners of the brig Gleaner, the cargo of molasses on board, belonging to the defendant, which was afterwards released and delivered to Nathaniel D. Chamberlin, the intervenor, on his giving bond and security. As soon as the molasses was attached, Chamberlin presented his petition, alleging that he was entitled to the possession of it, because the defendant having shipped said molasses applied to him to make advances thereon according to the custom of merchants, and offered to transfer the same to him to be consigned to his (intervenor's) friends and correspondents in New York, whereupon he took the bill of lading and cargo into possession, and caused the molasses to be consigned to his correspondents, and thereupon advanced on the molasses $7000 and upwards. He avers that by reason of the premises he is entitled to the possession of the molasses, that he may send the same to New York to be sold, and thus re-imburse himself for the advances he has made, and earn the profits and commissions resulting from the consignment. He, therefore, prays for a judgment ordering the cargo of molasses to be restored to his possession. On the day that this petition was filed, the intervenor took a rule on the plaintiffs to show cause, on the next day, why the cargo of molasses should not be delivered to him, on his giving bond and security to abide such judgment as the court might render against him in the premises.

On the return day of the rule the counsel who brought the suit for the plaintiffs appeared, and informed the court that he did not ap-

pear as their attorney to answer the rule, but to object to any proceeding or action under it : *first*, because the intervention had not been served on him or his clients ; *secondly*, because there had been no legal or sufficient notice of the rule, it having been served on him only about eighteen hours previously, while the rules of the court required a notice of three days. These objections having been overruled, and the intervenor permitted to proceed, the counsel took his bill of exceptions. The inferior judge, in this bill, says that the notice was sufficient, as the rules of his court allow motions to be taken on short notice, in cases where the circumstances require prompt decision ; and that he considered the present one of that kind, as the vessel had her cargo on board, and was ready to depart on her voyage.

The intervenor produced no other evidence of his having advanced any thing to the defendant, or of his possession of the molasses, than the bill of lading. The proceedings throughout have been conducted very hastily. After hearing the parties the court made the rule absolute, and ordered the molasses on board of the brig to be delivered to the intervenor on his giving bond and security in the sum of $600, to abide the judgment that might be rendered against him in the premises, from which decision the plaintiffs have appealed.

The intervenor has moved to dismiss the appeal, on the ground that the judgment on the rule is not final, and does not produce any irreparable injury to the plaintiffs. As respects the possession of the property attached the judgment is final, as, from its nature and the place to which it has been sent, it is not at all probable that it will ever be in a situation to be restored to the sheriff or to the defendant. A judgment may be so far final as to be subject to an appeal, without being final as to the point at issue. 9. Mart. 519. In 6 La. 435, we said that to entitle a party to an appeal from an interlocutory judgment, it is not necessary that the injury be absolutely irreparable. It suffices if it be such as may become irreparable in consequence of the final action of the court. We think the appeal ought to be maintained.

As we before stated, the intervenor produced no evidence of title to the property, nor does he claim any. He states that he is entitled to the possession and the right to sell it, by himself or his

agents, for the purpose of re-imbursing his advances and expenses. The possession of a bill of lading, like the possession of a bill of exchange, is *prima facie* evidence of title, and is a strong circumstance to prove a right to the possession of the property.

In the absence of any contradictory evidence, it may be considered as a sufficient showing to enable an intervening claimant to bond the property attached. This court have held that the claim of a consignee for advances, is to be preferred to that of an attaching creditor, when the former had received the bill of lading previous to the attachment.

Should the intervenor show that he made the advances which he pretends to have done, it will not defeat the attachment of the plaintiffs, which will hold the surplus after discharging the prior advances and necessary expenses. 9 Mart. 297. 2 Mart. N. S. 104. 2 La. 494.

The counsel for the plaintiffs alleges that the bond affords his clients no security for their debt. We think otherwise. The condition is that the party shall abide such judgment as may be rendered against him. If the intervention be dismissed, then the judgment unquestionably will be, that the intervenor restore the property, or its value, to the amount of his bond, and this is all that the plaintiffs require. They do not take care of the defendant. If the intervention be sustained, and the claim established as alleged, the intervenor will no doubt be adjudged to account for the surplus of the proceeds of the molasses, and this is all the plaintiffs can get if the intervenor supports his claim to a lien. We do not see how the plaintiffs can be injured by the property being released on bond ; and a large amount of costs may thus be saved.

*Judgment affirmed.*