Garland, J.
The petitioner represents, that he is the owner, and has long been in the quiet possession of a lot of ground situated on New Levée street, with all the rights, ways and servitudes thereunto belonging. That said lot fronts on a common passage or alley, about six feet in width, the use of which is necessary to the enjoyment of the property ; which passage was laid out, running from Tchoupitoulas street to New Levée, by the former proprietor, as will appear from a plan on file, on which it is marked as common. The petitioner annexes to his petition, as a part thereof, the act of sale to him of the property, which refers to the plan, and sets forth the boundaries, rights *443 and uses which he has on such common way or passage, and which shows that he has more than one hundred feet of ground bounded by said common way. He then states that the defendants have illegally and wrongfully fenced up said common way, so as to prevent him and his tenants from having any ingress or egress to or from the buildings on said passage, to his great damage. He says, that the defendants, notwithstanding his amicable request, illegally persist in keeping up said fence and obstructions whereby irreparable injury is caused to him. He therefore prays, that the Judge will order the obstructions to the use of said passage to be immediately demolished and removed ; that an injunction may be issued commanding and enjoining the defendants not to disturb him, (the petitioner,) in the free use and enjoyment of said common way or passage; and that, after hearing the parties, the injunction may be made perpetual, and the defendants condemned to pay the damages claimed. .
The allegations in the petition are sustained by the affidavit of the party, and by the deed of sale annexed to and made a part of the petition. The J udge gave an order enjoining the defendants from disturbing the plaintiff in the free use and enjoyment of the common passage described in the petition, upon bond and security being given to pay all the damages defendants may sustain. Sevefal days after this order was given, the plaintiff made an affidavit, and asked for a rule on the defendants to show cause why they should not be punished for contempt, and why the obstructions to the common way should not be immediately pulled down, at their cost and expense. The affidavit states, that the obstructions to the common passage continue, and that the plaintiff is prevented from using his property freely and without disturbance. The Judge, upon a hearing of the rule, said that, as it appeared the defendants had done no act since his last order, but had remained quiet and permitted the fence to stand,'and as the writ of injunction was a preventive one, the defendants had not been guilty of any contempt of his authority. That as to ordering the obstructions to be demolished, he could not do so, until he heard the parties on the merits; wherefore he discharged the rule ; from which judgment, as well as from the original order or decree, the plaintiff took an appeal.
*444 By the prim'a facie case presented by the plaintiff, he shows, that he is the owner of a lot having a front of more than one hundred feet on a way or passage laid off more than twenty years previously as common ; that without its use there is no ingress or egress to or from the houses on said passage, and that the occupants cannot get in or out; that the defendants, without any legal authority, have fenced up and obstructed said passage, and that those obstructions continue to the injury and inconvenience of the plaintiff and his tenants, who are deprived of the free use of the property.
The appellees have moved to dismiss this appeal, because there is no final judgment, and the injury is not irreparable. We do not think this motion should prevail. The injury is of so grave a character, as that it may become irreparable by longer delay. In 6 La. 435, it was held, that it was not .indispensably necessary to entitle a party to an appeal from an interlocutory judgment, that the injury should be absolutely irreparable; it is sufficient if it may become so. In the case before us, the judgment is so far final as relates to the immediate removal of the obstructions ; and it appears to us, that the obstruction of the passage by which a party can get in or out of his house, is an injury which, although it may be finally remedied, is in its immediate consequences so serious, as to be considered irreparable. See 9 Mart. 519. 2 Rob. 342.
It is urged by the appellant, that the Judge erred in not granting the order as prayed for in the petition. To this the appellees have replied, that an injunction is not the proper remedy, when the object is to direct a party to perform a particular act; and that if it be, the order cannot be made to the extent required, before hearing the parties on the merits.
An injunction is a remedial writ w,hich courts issue for the ■purpose of enforcing their equity jurisdiction ; and among the numerous purposes specified in which it is to be issued, the suppression of public and private nuisances is mentioned, and the darkening or obstructing ancient lights is put as an, example. 1 Haddock's Ch. 156. Eden on Inj., ch. 11. Bouvier’s andjjTomlinson’s Law Dictionaries, verbo, Injunction. The writ may be directed to parties, or to public officers, enjoining or commanding *445 them to do certain acts or things, or to abstain from doing them, and is as effective in enforcing a right as in preventing a wrong or injury. Our Code of Practice, article 296, calls it a mandate to prevent acts that may be injurious to a party, or impair a right claimed. It may be directed to a party in the suit, or to third persons not parties. Art. 297. Among the first examples given by article 298, in which the writ is to issue, is that of the obstruction of a place of which the public has the use, such as constructing, either in the bed of a navigable river, or on its banks, works which may prevent the navigation of such river, or render it more difficult, or prevent ships or other craft from easily landing and unloading on the bank of such river. Many other cases are mentioned in the article, which it is not necessary to recapitulate. It is a fact well known, that the navigable streams leading to some of the most populous and fertile sections of our State, are very narrow, and that their navigation may be completely obstructed in a few hours, by a single person, either by felling trees into them, or by sinking the hull of a boat or other vessel. An individual, under a pretence of right, or wantonly, takes the necessary means to obstruct entirely the navigation, and thereby prevents a large number of people from transporting their produce to market, and otherwise seriously injures them. The courts hold their sessions in the country but once in six months ; and if the doctrine be correct, that a Judge cannot order the obstructions to be immediately removed, a whole community must suffer, until a trial can be had on the merits of the case. A public road may be barricaded in the course of a single night; one of the principal streets of a city may be closed in a few hours ; the use of a wharf or landing place may be easily destroyed; and a pretence of right may be set up to do anything ; but it cannot be permitted to one, two, or three individuals to take the assertion of their real or pretended rights into their own hands, and thus injure a considerable portion of the community. It is notorious to all acquainted with the city of New Orleans, that there are many small streets for public use, and alleys or passages common to the proprietors or occupants of many adjoining tenements, and that the use of such ways or passages are indispensable to the enjoyment of the houses and tenements ; and can it, *446 with any propriety, be said, that a single person may, at pleasure, stop up such a street or alley, and prevent the people from getting in or out of their houses, and that a court has no power to order the obstructions to be removed, or the way opened until a trial can be had at the end of a year or more, upon the merits of the case ? The law has not left parties remediless in such cases, nor the courts powerless for the correction of such evils ; and we think the Judge below should at once have granted an order, to have the obstructions to the use of the common passage removed by the Sheriff.
In consequence of the time that has elapsed since this appeal was taken, the question now before us is, in fact, one of costs; as it has been stated during the argument, and admitted, that the obstructions have been removed, under an order or judgment of the court rendered since the appeal was granted. We shall, therefore, only give such a judgment as will compel the appellees to pay the costs, believing that at the time the appeal was taken there was sufficient ground for it.
It is, therefore, ordered and decreed, that the original judgment or order of the court below, so far as it refused an order to the Sheriff to demolish and remove immediately, the fence and obstructions in the common passage mentioned in the petition, be so amended as to grant said order. In other respects the orders or judgments are affirmed, without prejudice to the rights of any of the parties on the merits. The appellees are condemned to pay the costs of this appeal.