Simon, J.
The facts of this case are these : It appears that, in December, 1839, Peyroux, Arcueil & Co., having sued Charles C. S. Farrar and his wife, Mary A. Farrar, for the recovery of a certain sum of money, judgments were confessed by each of the defendants respectively in favor of the plaintiffs, in the following manner; to wit: the husband confessed judgment for the sum of $8031 40, with interest, and the wife confessed judgment for the sum of $8402 13, also with interest; whereupon regular judgments were rendered and signed accordingly.
On the 31st of August, 1843, Peyroux, Arcueil & Co., being yet the owners of the aforesaid judgments, executed an act of pledge by notarial act, in favor of the Consolidated Association and of the- Citizens Bank of Louisiana, creditors of their firm, in a certain amount therein stated, in and by which they stipulated a transfer to the said banks, a titre- de gage ei de nantissement, of the judgment by them heretofore obtained against Charles C. S. Farrar for the sum of $8031 40, with interest, taking charge and promising to take all necessary steps to recover and collect the amount of said judgment, at their own expense, for the benefit of said banks, to whom the proceeds thereof were to be paid, The judgment against Mary A. Farrar is not mentioned in the act of pledge.
On the 5th of January, 1844, a power of attorney was executed by the partners of the house of Peyroux, Arcueil & Co., then in liquidation, to their co-partner, L. R. Arcueil, authorizing him to manage and transact all their affairs, business and concerns of whatsoever nature and kind, without exception or reserve whatsoever ; to open their letters of correspondence addressed to the firm; to make and endorse promissory notes; to make checks and draw money out of banks; to deposit drafts and bills, &c.; to sell or transfer all or any shares of the capital stock of any bank; to pledge and pawn them, &c.; and giving him all such other detailed powers as were deemed necessary for the liquidation of the firm, without, however, expressly and specially giving him any authority to sell or transfer any of the claims, credits, or assets of said firm to any person; but authorizing him merely to ask ‘ demand, recover and receive, all such sums as *655 might be due to the firm, by virtue of whatever right or means to them appertaining, and to adjust and settle all accounts, &c., and to do and perform all acts necessary for the affairs and concerns of the firm in liquidation.
On the 26th of March, 1844, Arcueil, by an act under private signature, and acting for himself, and as the. agent of his firm, under the said power of attorney, executed a transfer or assignment of the two judgments heretofore obtained against C. O. S. Farrar and his wife, to William D. Boyle. No consideration is expressed in the act, but it is therein recited, that “ the consideration of this transfer is expressed more fully in an act passed this day, (26th of March, 1844,) before Amedée Ducatel, notary public of this city, to which Hypolite Gaily and James B. Hul-lin, myself, and William D. Boyle are parties? This last act, however, was not produced in evidence in this cause.
On the 4th of April, 1844, William D. Boyle, executed a transfer of the said judgments to thei plaintiff in this suit, in consideration of which the transferee assumed the payment of certain notes given by the transferror and endorsed by other persons, payable in five annual settlements from date, for a sum left in blank, referring to a notarial act passed in New Orleans on the 25th of March preceding, to the Citizens Bank and the Consolidated Association. This assignmentwas duly notified to the debt ors, on the 13th of July, 1844.
It further appears, that a suit having been instituted, in April, 1844, by the defendant, McMicken, against Peyroux, Arcueil & Co., for a large sum of money, judgment was rendered against the latter,, in May following, by virtue of which an execution, issued on the 2d of July, was levied on the 5th, on the judgments against Farrar and wife, which levy was renewed on the 5th of August, by direction oí the plaintiff’s attorneys; and notices thereof were duly given by the Sheriff, on the same and following days, as other notices had also been previously given to the parties therein interested, in consequence of the previous seizure.
On the 7th of September, 1844, the present suit was instituted by injunction, which was obtained on the allegations of the plaintiff, Gordian A. Smith, that he was the owner of the judgments *656 rendered in favor of Peyroux, Arcueil & Co., against C. C. S. Farrar and his wife, by virtue of the transfers and assignments above referred to; that those judgments had been previously conveyed by act of pledge to the Citizens’ Bank and the Consolidated Association, whereof due notice was given to Farrar and wife, and a copy of the same furnished to them; that due notice was also given to the said Farrar and wife, of the transfer made by Arcueil to William D. Boyle, and of that of the latter to the petitioner; that the firm of Peyroux, Arcueil & Co. had no interest whatever in the said judgments at the time of the seizure thereof, and that he, the plaintiff, is in danger of being illegally deprived of his rights over the same, &c.
The sale of the judgments seized was arrested by the issuing of the writ of injunction; and the defendant, McMicken, filed his answer, first pleading the general issue and requiring strict proof of the plaintiff’s allegations ; he further denied the validity of the transfer of the judgments; alleged that the pretended transfer made to William D. Boyle was fraudulent and collusive; and prayed, that the injunction might be dissolved, and the plaintiff condemned to pay interest and damages, &c.
Judgment was rendered below in favor of the plaintiff, perpetuating his injunction; and the defendant, after an unsuccessful attempt to obtain a new trial, took this appeal.
The first question to which our attention is called, under the state of facts above exposed, is, whether the transferror, Arcueil, acting for the firm of which he was a member, and which was in a state of liquidation, was sufficiently authorized by his power of attorney to transfer to others, the debts, rights and credits, or the general assets belonging to the firm ? If he was, could he do so for any other purpose but for that of bringing the partnership to its final liquidation ? And if he was not, would not the transfer by him made to Boyle be null and void, unless it be shown that it was made for a good and valuable consideration, in relation to the. liquidation of the firm then under his charge ?
It is perfectly clear that, without inquiring into the question of notice, which is only to be examined in case we come to the conclusion that the transfer was a sufficiently authorized and legal one from its origin, the right of the plaintiff to claim the *657 benefit of it, although due notice thereof should have been given would be defeated, if the person who made it had no authority to execute it, or if, whether authorized or not, it is not established that its execution was within the object for which the trans-ferror was appointed, to wit: to liquidate the affairs of the firm-JNow, the power of attorney under which the transfer or assignment of the judgments, rendered in favor of the partnership against C. C. S. Farrar and his wife, was made to William D. Boyle, as the agent of the plaintiff, though general in its terms in its beginning and close, details the special powers which the transferror’s co-partners thought proper to give him in bringing the firm to its liquidation ; they are limited to certain acts which. he is authorized to perform, among which is that of selling or transferring all and any shares of the capital stock of any bank ; but no authority was given to him to alienate the assets of the firm then in liquidation, and so declared to be in the act of procuration, or to transfer to others any of those assets. It is a clear principle of law, on the subject of agency, that a mandate conceived in general terms, confers only a power of administration ; and that to make any act of alienation, or any act of ownership, the power must be express ; (Civ. Code, arts. 2965, 2966. Story on Agency, chap. 6, § 71 ;) and as no such power is expressly included in the procuration among those which are therein detailed, it follows, that the transfer under consideration would be a mere nullity, or an act not binding upon the partnership, unless proof being furnished that it was executed for the settlement, payment, or satisfaction of one of the partnership debts, the consideration thereof should be shown to have been beneficial to the firm, and received for the purpose of facilitating its liquidation. Here, it is true, the transferree was charged to liquidate the affairs of the firm, and, as such, he must necessarily be able to exercise the powers which the partners intended to give him to attain their object; but such powers are not fixed by law, and their limits ought, therefore, to be regulated according to the expressions more or less extended in the acts by which they (les liquidateurs) have been appointed. See Merlin, Rep. de Jurisp., verbo, Société, sect. 8, § 4, 5, 6. If the act, however, was beneficial to the firm, and necessary for its liquidation, it should per *658 ■haps be sanctioned, as if done by the concurrence of all the interested partners; but the fact must be proved, and hence, the question occurs here, has the consideration of the transfer relied on been sufficiently and satisfactorily established?
On this point it is first necessary to remark, that the defendant in his answer has alleged, that said transfer was fraudulent and collusive. As a creditor of the firm, entitled to the benefit of his seizure, he had a right to attack the consideration of the act relied on to defeat it, and to require proof of such consideration. 2 La. 492. The judgments assigned belonged to the firm; it is a well recognized rule that partnership effects are responsible for partnership debts ; (3 La. 494;) and it is clear, that the levy made here to satisfy a debt of the firm) should have its full effect on the judgments seized, unless if be shown, that the same judgments had previously been duly and legally transferred in discharge of the liabilities of the same partnership, and that due notice of the assignment had also been given to the debtors thereof previous to the levy.
We have already seen, that the act of pledge executed by the firm in favor of theCitizens’Bank and the Consolidated Association, only includes the judgment obtained against one of the debtors, C. C. S. Farrar. It is silent as to the judgment against his wife, which is not therein mentioned ; and so far, said act of pledge does not agree with the subsequent transfers, and was perhaps insufficient for the purposes for which it is now used. But the transfer to Boyle, embracing the two judgments, does not show the consideration for which it was executed ; it merely refers to another act of the same day, to which certain other persons were parties, and yet the latter act was not produced in evidence ! In the transfer from Boyle to Smith, for whom it appears Boyle had acted in this transaction, a consideration is expressed, to wit, the assumption of the payment of certain notes to the two banks, but the sum is left in blank, and the act therein referred to as having been executed on the 25th of March, was not produced in evidence 1 Thus, although the Citizens’ Bank and the Consolidated Association, creditors of the firm-under the pledge, appear to have had some interest in the transfers to Boyle and Smith, nothing shows the consideration which was paid to them *659 by the transferees ; and the consequence perhaps should be that, having failed to do so when it was in his power to have procured the evidence of the fact, if any such exist, the plaintiff should be nonsuited and his injunction dissolved, for want of sufficient evidence of his right; but as he might perhaps be entitled to institute another suit, and sue out a new injunction, we see no reason why, being the appellee, he should not be allowed an opportunity to produce his evidence in this suit, if it exists, and to establish the consideration of the transfers by him relied on; and we think that, under the circumstances of this case, we may fairly use our discretion in sending the case back to the court, a qua, for a new trial, under the principles above established, (Code of Pract. art. 906,) and that justice requires it.
The -record, however, contains an act of ratification of the transfer made by Arcueil to Boyle on the 26th of March, 1844, which act was executed by the transferror’s partners before a notary public, on the 6th of May, 1845; but said act, passed since the institution of this suit, does not show the consideration required ; and as it is without proof of such consideration, we are not prepared to say that it should have such retroactive effect as to cure the defects of the original transaction, and affect the rights of a third person, acquired previous to its execution; and we think that, under the principles recognized in the case of Grove v. Harvey et al., ante, p. 221, such ratification should have no such effect.
With regard to the question of notice so much debated in the argument, we consider it unnecessary to express now any opinion upon it; so far it is unimportant, as the plaintiff’s right, having originated from a person who was not at the date of the transfer, sufficiently or expressly authorized to make it for his firm, it could not avail him, unless proof be adduced that it was made for a valuable consideration, and exclusively in relation to, and for the benefit of the liquidation of the affairs of the partnership to which the judgments assigned formerly belonged, and with which the transferror had been charged.
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, that the injunction be provisionally maintained, and that this case be remanded to the *660 lower court for a new trial, to be there acted on according to law, the costs of this appeal to be borne by the plaintiff and appellee.
Lyons, for the plaintiff.
Perin, Phillips and Muse, for the appellant.