HUGHES, HYLLESTED & Co. *v.* KLINGENDER BROTHERS—W. MURE, Intervenor.

A creditor whose debt has been secured by a conveyance of property to a trustee, with authority to sell, and pay the debt, cannot claim such property as owner; and when attached, cannot set aside the attachment, upon giving bond, and take possession of it during the pendency of the litigation.

Such a conveyance would only give him the right to enforce the execution of the trust, and make him a creditor with a privilege.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Benjamin, Bradford & Finney,* for plaintiffs. *William D. Hennen,* for intervenor and appellant.

MERRICK, C. J. The plaintiff and others having attached the ship Warbler, of Liverpool, *William Mure,* as the agent of the Bank of Liverpool, through his counsel, has taken a rule upon all parties to show cause why he should not be authorized to take the ship into his possession during the pendency of this litigation, upon giving bond. He bases his application upon the allegation that, during the litigation in these cases, great expense will be incurred by the detention and custody of the ship, and produces an instrument executed by the owners in Liverpool, England, for the security of the bank, by which the ship is conveyed to *Joseph Layton* in trust, with authority to sell and pay the bank, &c.

The intervenor relies upon the cases of *Park* v. *Porter,* 2 Rob. 344, *The Ohio Insurance Co.* v. *Edmondson,* 5 L. R. 296, and Art. 21 C. C., in support of the motion.

The instrument produced by the Bank of Liverpool does not purport to convey the ship to the bank, but to a trustee; the bank is therefore not the owner. At common law, the instrument, we suppose, would be considered (as between the parties at least) to convey the legal title in the ship to *Layton.* The only rights the Bank of Liverpool could have, would be a right in chancery to enforce the execution of the trust.

Hence, the most favorable footing on which the claim of the intervenor can be placed, is that of a creditor with a privilege. It has, therefore, no right to the possession of the property, and must enforce whatever rights it may have upon the proceeds, precisely as the attaching creditors are compelled to do.

The law confers upon the *defendant* only the right to set aside the attachment by giving bond. C. P. 259; Acts 1852, p. 165. It is not conferred upon the creditors.

It is true the courts have allowed, under an equitable construction of the Article, an intervenor having possession and claiming to be owner, to bond in order to avoid the great injury which third persons might suffer by the unjust seizure of their property. We see no reason to adopt a construction which shall confer this right upon creditors, particularly as the Legislature has recently revised the Article of the Code of Practice, without extending it to other persons than defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed.