Ilsi/ey, J.
The plaintiff, claiming to be the owner and possessor of an undivided half of certain real estate described in his petition, instituted the present action against the defendant, who, he alleged, held the title to the other half, for a judicial partition.
The defendant, asserting title and sole ownership to the whole of the property described, excepted to the plaintiff’s action, which he contended should have been one of revendicaiion.
The exception, having been overruled in the Court below, the defendant answered, setting up title exclusively to the whole premises, to which allusion will bo hereafter made, and he averred that the plaintiff was estopped from contesting his title.
Previous to the 24th July, 1847, the legal title to the whole of this property had stood recorded in the name of James Erwin, and on that day the plaintiff instituted against Erwin a petitory action, claiming to be the lawful owner of one undivided half of it.
After much litigation, all the questions raised in that case were finally disposed of, and judgment was rendered against Erwin, decreeing the plaintiff to be the owner of the undivided half of the property now in controversy ; and this is the title which the plaintiff exhibits, and up'on which his partition suit rests. See 6 An. 320.
The defendant produced, as his title, a deed of sale from the sheriff of the parish of Orleans, dated 17th June, 1850, under and by virtue of a writ of fieri facias, in the suit of Yeatman, Woods & Co. v. James Erwin, No. 1201 on the docket of the Fourth District Court of New Orleans, and by which deed the defendant’s authors acquired all the right, title and interest of James Erwin, the defendant in execution in the said suit, No. 1201.
The judgment in the suit No. 1201, was rendered on the 14th December, 1847, several months after the institution of the plaintiff’s suit against James Erwin, so that the sheriff’s sale to Yeatman, Woods & Co., under whom the defendant holds his title, could not effect in any manner that portion of the property which the plaintiff had claimed judicially from Erwin, and the purchasers at the said sheriff’s sale acquired thereby only whatever right and title Erwin then had to the property; that is, to one undivided half of it. Seé C. C. 2428; 2 An. 254; 4 An. 293; 11 An. 258; 9 An. 257; 13 An. 260 ; Laws 13th, tit. 7 of the 3d Partidas ; De Litigis in the Justinian Code, lib. 8, tit. 37.
If the sheriff’s sale transferred more than one undivided half of the property described in his deed, “nullum est vendido” for the remainder, as “ nemo potest plus juris ad alium transferre qiiam ipse habet."
On and prior to the 24th July, 1847, the date of the filing of the plaintiff’s petition against Erwin, several liens stood recorded against Erwin,. which affected the land in controversy, as the plaintiff up to that time had permitted the legal title thereto to stand in Erwin’s name in the public records, and had a judicial sale of this property been made under any of those liens, special or general, it would have conferred on any purchaser a title superior and paramount to that acquired by the. plaintiff in his suit against Erwin.
The basis of the defendant’s title was, however, as we have said, a *358 sheriff’s sale, made in virtue of a judgment rendered subsequent to the said 24th July, 1847, in the suit No. 1201.
It is true, that prior to the sheriff’s sale, under the judgment in the suit No. 1201, an execution had been issued upon one of the anterior judgments, viz : that rendered in the suit of “ The Bank of Kentucky v. James Erwin,” No. 587, on the docket of the Fourth District Court of New Orleans, and which execution was made returnable on the 4th Monday of August, 1847, and that the property had been advertised under the writ in 587, to be sold on the 23d February, 1850, but no sale ever took place to satisfy that writ, and eventually it, as well as the other anterior liens, were satisfied out of the proceeds of the sale made in the suit No. 1201, to Yeatman, Woods & Co., the plaintiffs therein, who had become specially subrogated to those liens.
The defendant’s title, hisyws in re to the property, had for its basis, the judgment in the suit No. 1201, and no other.
The other claims recorded previous to the 24th July, 1847, never changed their character of liens upon the property; and, as such, they conferred no title on the purchasers at the sheriff’s sale, in the suit No. 1201.
Upon the question of estopel, the evidence is too vague to prove that the plaintiff was ever present at the sheriff’s sale. It is, however, clearly shown that the sheriff, before proceeding to offer the property for sale, read aloud from the certificate of the register of conveyances, that portion of the decree in the suit of Denton v. Erwin, which awarded to the plaintiff the one undivided half of the same property he was about to sell.
This was a notice to purchasers, that to that undivided half Erwin had no title.
As to the suit between the defendant’s authors and the city, to relieve the property of the public servitude, the plaintiff was no party to it, and the defendant’s authors might well institute such a suit for their own benefit.
The joint ownership of the property is satisfactorily proved, and the plaintiff, whether in possession of it or not (C. C. 1243,) had the legal right to resort to an action for partition. C. C. 1215, 1231. 6 M. 284. 11 L. 426. 3 Bob. 44. 4 Bob. 453. 17 L. 248. 12 L. 154. 10 L. 458. 7 La. 442. 3 L. 136.
The judgment of the District Judge was in favor of the plaintiff, and for the reasons by him, and by us now assigned:
It is ordered, adjudged and decreed, that the judgment of the District Court be and the same is hereby affirmed, at the costs of the appellant,
Behearing refused.