[No. 11475. Department Two. February 6, 1914.]

CHARLES W. JOHNSON, *Respondent*, v. BANK OF PASCO, *Appellant*.[1]

MONEY PAID—ACTION — COMPLAINT — SUFFICIENCY. A complaint states a cause of action for money had and received, where it shows that the defendant's cashier sold to the plaintiff certain stock represented to belong to the defendant, in consideration of plaintiff's note to the bank for $1,600, which he afterwards paid, demanding delivery of the stock that had been retained as security, and that the defendant received the $1,600 from the plaintiff, for which it parted with nothing, and refused to deliver the stock.

BANKS AND BANKING—REPRESENTATION—OFFICERS — AUTHORITY— INSTRUCTIONS. A cashier and general manager of a bank has implied power to dispose of corporate stock owned by the bank in order to convert it into interest bearing securities; and it is not error, therefore, to instruct on that subject that his powers may be inferred from the general manner in which he is allowed to conduct the business of the bank.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action for money had and received by a bank, in which the defense was that the transaction was a personal one with the cashier in which the bank was not interested, an instruction that the bank would be liable for money had and received from the plaintiff for which it gave no consideration, is not prejudicially erroneous, when by other instructions the issue on the defense of a personal contract with the cashier was fully submitted.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION. It is not an abuse of discretion to refuse a new trial for newly discovered evidence that is cumulative, or could have been discovered prior to the trial by the use of diligence, and the affidavits were in sharp conflict.

Appeal from a judgment of the superior court for Franklin county, Holcomb, J., entered March 18, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for money had and received. Affirmed.

*H. B. Noland* (*G. C. Israel*, of counsel), for appellant.
*Chas. W. Johnson* and *Edward A. Davis*, for respondent.

[1]Reported in 138 Pac. 295.

PARKER, J.—We think it will appear, as we proceed, that this is, in substance, an action for money had and received. The plaintiff, as assignee of A. R. Garey, seeks recovery of money which he claims was paid by Garey to the defendant for certain shares of the stock of the Pasco Drug Company, which stock the defendant has failed and refused to deliver. The trial was before the court and a jury, and resulted in verdict and judgment in favor of the plaintiff for the amount claimed to have been so paid by Garey to the defendant, with interest thereon. The defendant has appealed to this court.

While there is no marked degree of conflict in the testimony produced in this cause, so far as the particular facts testified to are concerned, there is ample room for difference of opinion as to the conclusions which may be drawn from the facts testified to, together with the written evidence produced. We summarize the facts which we regard that the jury were warranted in believing as follows: Appellant is a banking corporation, existing under the laws of this state and doing business in the city of Pasco. H. E. Christensen, prior to his death, which occurred in June, 1912, was the cashier and general manager of appellant bank, and was also interested in the Pasco Drug Company. In the latter part of June, 1910, Christensen and Garey had negotiations looking to the sale by appellant to Garey of certain shares of the stock of the drug company, and the payment therefor by Garey's giving to appellant his promissory note, the drug company stock to be left with appellant as collateral security for the note. On July 1, 1910, the sale was consummated and Garey executed and gave to appellant his promissory note for $1,600, payable on demand, with interest at eight per cent per annum, in payment of the drug company stock, when Christensen delivered to Garey a writing which had been prepared and dated a few days previous, reading as follows:

PASCO DRUG CO.

(Incorporated)

Stationery and Drugs.

Pasco, Wash., 6-25-19.

Received of A. R. Garey the sum of sixteen hundred and 00-100 dollars, in full payment for the William Spring stock in the Pasco Drug Co., of Pasco, Washington, amounting to 2677 shares of the par value of $100.00 each. This stock is held as security for his note to the Bank of Pasco of $1,600.

I further agree that I will within one year from date hereof rebuy the said stock from the said A. R. Garey at $1,600 and interest on said sum from date hereof at 8%, should said Garey desire to take this option at the end of one year.

H. E. Christensen.

This was written on printed letterhead paper of the drug company. The negotiations, and also the consummation of this deal, occurred in the bank. The deal was carried on entirely between Christensen and Garey, Garey believing he was dealing with the bank and not with Chirstensen individually; Garey also believing from Christensen's representations that the stock was the property of the bank and that the bank desired to convert it into interest bearing securities such as his note would be. Garey never saw the stock certificates, assuming that they were in the possession of the bank as collateral to his note, as evidenced by the above quoted receipt then given to him. Garey never received anything for his note other than this receipt. Thereafter, on October 4, 1911, the bank caused the indebtedness evidenced by this note, or rather by its renewal, to be paid by deducting the amount thereof, with interest, from his deposit account, and returning the note to him as a voucher with his checks. Garey has demanded the drug company stock from appellant, but the same has never been delivered to him, or to respondent, his assignee, by any one. On November 8, 1912, Garey delivered to respondent the receipt evidencing the holding of the drug company stock by the bank, with an assignment endorsed thereon as follows:

"By this assignment dated this 8th day of November, 1912, I hereby assign the said stock 2677 shares to Chas. W.

Johnson, for a valuable consideration, and the chose in action
to recover purchase price.          A. R. Garey."

The evidence seems to conclusively show that appellant did
not own or have in its possession the drug company stock
at the time Christensen assumed to sell it to Garey as the
property of the bank, and we will assume that the jury so
believed; but the jury must have also believed that Garey
dealt with Christensen touching the sale of this stock believ-
ing he was purchasing it from appellant; that it was appel-
lant's property, and that he was paying appellant therefor
by giving his $1,600 note.

It is first contended by counsel for appellant that the trial
court erred in overruling its demurrer to respondent's
amended complaint. It is contended that the court should
have held, as a matter of law, from the facts alleged in the
complaint, that the receipt given to Garey evidenced only a
private obligation of Christensen and not an obligation of ap-
pellant; and that such a ruling by the court would necessarily
result in freeing appellant from any obligation growing out
of the facts alleged in the complaint. This contention is
rested upon the assumption that this is an action solely upon
this receipt as a contract between appellant and Garey. We
do not so interpret the complaint. It is alleged therein, in
substance, that Christensen, acting for appellant and repre-
senting the drug company stock to be the property of ap-
pellant, sold the stock to Garey, receiving his $1,600 note in
payment thereof, a copy of which is set out; that the drug
company stock was retained by appellant as collateral
security for the note; that Christensen, then acting for ap-
pellant, gave Garey the receipt, a copy of which is set out;
that Garey thereafter paid the note to appellant, with the
understanding that the drug company stock would be de-
livered to him by appellant; that Garey demanded the stock
from appellant, which has never been delivered to him; that
Garey's right of action growing out of these facts has been
assigned to respondent, and that appellant withholds from

Garey and respondent, his assignee, the $1,600 so paid; which allegations are followed by a prayer for judgment against appellant for that sum and interest. We think that the trial court did not err in overruling the demurrer to respondent's complaint, first, because the receipt signed by Christensen, taken in connection with the note executed and delivered to appellant at the same time, and the other facts alleged, shows that appellant was bound thereby; and, second, because the facts alleged in the complaint show that the appellant actually received $1,600 from Garey for which it parted with nothing, either to Garey or to any one else at Garey's instance. Respondent had a right to allege facts in his complaint with a view to recovering from appellant upon either or both of these theories. They are not inconsistent with each other in a legal sense, nor do we understand that it is so claimed.

It is contended by counsel for appellant that the trial court erred in giving instructions to the jury, in substance, that the authority of a cashier or other officer of a bank may be inferred from the general manner in which he is allowed to conduct the business of such bank without interference by his superior officers, etc. The complaint against this instruction is not that it constitutes an erroneous statement of the law, but that there was no evidence touching the general course of business pursued by Christensen in managing appellant bank from which his authority could be inferred beyond that generally belonging to such an officer. It is true, there was but little, if any, evidence so showing. Indeed, the evidence as to the authority of Christensen in connection with the bank's business was little else than the fact that he was its cashier and general manager. We see only two things agreed to in this receipt which are of such character as might be said do not fall within the general authority of a cashier and general manager of a bank; that is, the agreement to repurchase the stock, by paying therefor $1,600 with eight per cent interest thereon from date of

sale. The validity of this part of the receipt is not here in-
volved, since there is no effort to enforce it. Indeed, the
fact that the stock was not in possession of or owned by ap-
pellant and was not received by Garey, necessarily elimi-
nates this portion of the receipt from the controversy in so
far as it may form a part of the contract then made, though
such portion of the receipt may be regarded as a circum-
stance to be considered by the jury in determining whether
it was Christensen's personal obligation instead of being the
obligation of appellant. It seems to us, therefore, that this
instruction could, in no event, have been prejudicial to the
rights of appellant. Indeed, it is difficult to see how an in-
struction telling the jury that the general powers of Chris-
tensen as cashier and general manager of the bank would be
sufficient authority for him to convert this drug company
stock, if owned by the bank, into an interest bearing se-
curity in the form of a note executed by Garey, would be
erroneous. It is conceded that appellant bank would not be
allowed to own stock of this nature unless in some manner
compelled to receive it as security or in settlement of an an-
tecedent debt, and it is also conceded that a bank owning
such stock would be required by the bank examiner to dis-
pose of it or charge it off its assets at the earliest possible
moment. It seems clear that Christensen would have ample
power to dispose of such stock had it been the property of
appellant, by converting it into such securities as appellant
could lawfully deal in, such as Garey's note. Therefore, we
conclude that this instruction could in no event have caused
the jury to attribute to Christensen any other power than
that which he actually possessed, in the light of the fact that
the question of the repurchase of the drug company stock
was not an issue, as must have been understood by the jury.

The court instructed the jury, among other things, as
follows:

"If you believe, from the preponderance of the evidence,
that the defendant, the Bank of Pasco, received from A. R.

Garey any money, note or other thing of value, and gave no consideration therefor, and still retains the said money, note or other thing of value, without giving any consideration therefor, then the said Garey would have a proper claim against the said defendant for the value of the money, note or other thing of value so taken and kept."

This, it is contended, was erroneous because it excluded from the consideration of the jury the question of the passing of any consideration from Christensen individually to Garey for the note. Standing alone, this instruction may be subject to the criticism made. We think, however, the criticism is met by the giving of the following instruction:

"The defendant in this case claims that H. E. Christensen, its former cashier, and A. R. Garey, were acting in collusion, at the time the note and receipt set forth in the amended complaint were executed . . .

"You may also consider the question as to whether or not defendant Bank of Pasco in fact parted with the equivalent of the note in cash as a result of said transaction. And if you are satisfied from all the facts and circumstances surrounding the transaction that it was one for the private use and benefit of said A. R. Garey and H. E. Christensen or for the individual benefit of said H. E. Christensen alone and that he received said money and that said A. R. Garey knew or had reason to believe that said H. E. Christensen was taking and using said note for the purpose of extracting from the funds of said bank money for the use of said Christensen and that money to the amount of said note was in fact taken from the funds of said bank by said Christensen under such circumstances then the said A. R. Garey was legally bound to pay said note although he may not have received or did not receive any of the cash so taken to his own personal use."

Clearly, this instruction submitted to the jury the questions of this being a contract between Christensen as an individual and Garey; and also the question of any consideration passing from Christensen to Garey. We think the court did not err prejudicially in the giving of the instruction complained of.

The serious questions involved in this controversy are, in their last analysis, questions of fact; and have to do with the sufficiency of the evidence to support the verdict, at the arriving of which the jury must necessarily have found, among other things, that appellant actually received from Garey $1,600 in the payment of his note, without any consideration passing from it to any one therefor, and that there was no consideration passing from Christensen individually to Garey in connection therewith. We see nothing in the instructions given, or other rulings of the court, which prevented the fair consideration of these questions by the jury. We have read the entire evidence, both oral and written, not from the abstracts made by counsel but from the statement of facts. We deem it sufficient to say that we are convinced therefrom that there was ample evidence, if believed by the jury, to warrant the conclusion reached. We cannot disturb the judgment because of lack of evidence to support it.

One of the grounds upon which a new trial is sought is newly discovered evidence. As to the proposed new evidence other than that which is cumulative, we think there is no sufficient showing of diligence to discover the same prior to the trial. This may not be wholly true as to one or two facts claimed to be newly discovered evidence, but as to these the affidavits filed by the respective parties are in sharp conflict. We are of the opinion that the trial court did not abuse its discretion in denying a new trial, so far as it rested upon the ground of newly discovered evidence.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.