[No. 11803.   Department Two.   August 11, 1914.]

MARION SMITH et al., *Respondents*, v. GRUBER LUMBER
COMPANY, *Defendant*, J. M. KEEN et al.,
*Garnishees, Appellants.*[1]

TRUSTS—IMPLIED TRUSTS—LIABILITY OF TRUSTEE.   Where an
award of $25,000 for land condemned for a right of way was paid
to a lumber company as owner of the land, and on appeal by claim-
ants to the award the judgment was reversed in their favor and
against the lumber company for the amount of the award, the com-
pany thereby became an involuntary trustee for the benefit of claim-
ants to whom the money belonged.

GARNISHMENT—PROPERTY SUBJECT—RIGHTS OF DEBTOR AGAINST
GARNISHEE—CORPORATIONS—STOCKHOLDERS—IMPLIED TRUST—LIABIL-
ITY.   Where an award of $25,000 for land condemned for a right of
way was paid to a lumber company as owner of the land, but on
appeal by claimants to the award the judgment was reversed in
their favor and against the lumber company for the amount of the
award, and the trustees of the company, after paying out $3,000 of
the amount on indebtedness of the company, divided the remaining
$22,000 between stockholders of the company, the claimants can re-
cover the award by garnishment proceedings; since the money was
wrongfully paid to the stockholders, being a trust fund to which
they had no right, and if regarded as property of the company, was
an unlawful reduction of its capital stock, it being the right and
duty of the company, whose rights measure those of claimants, to
recover the payments made to the stockholders, and account there-
for to claimants.

MONEY RECEIVED—LIABILITY—MISTAKE OF FACT.   Money belong-
ing to another, though paid and received under a mistaken, though
honest, belief as to its ownership, may be recovered in an action for
money received.

GARNISHMENT — LIABILITY OF GARNISHEE — EQUITABLE CLAIMS.
Claimants, who were adjudged owners of an award in condemnation
paid to a corporation, can recover in garnishment against the stock-
holders to whom the money was wrongfully distributed, and are not
held to a suit in equity to recover therefor.

Appeal from a judgment of the superior court for Cowlitz
county, Darch, J., entered September 9, 1913, in favor of the

[1]Reported in 142 Pac. 493.

plaintiffs in garnishment proceedings, upon an agreed state-
ment of facts.   Affirmed.

*Hayden, Langhorne & Metzger,* for appellants.

*B. L. Hubbell,* for respondents.

PARKER, J.—The plaintiffs, Marion Smith *et al.,* having
recovered a judgment in the superior court for Cowlitz county
against the defendant, Gruber Lumber Company, for the sum
of $25,000, seek to enforce payment thereof through garnish-
ment proceedings against J. M. Keen, W. W. Emery and
M. J. Gruber, owners of all of the capital stock of that com-
pany.   The garnishee defendants having filed answers, each
denying that he is indebted to the lumber company, and deny-
ing that he has any property of the lumber company in his
possession or control, the question of their liability as gar-
nishee defendants was submitted to the court for decision
upon an agreed statement of facts.   Upon this submission of
the cause, judgment was rendered in favor of the plaintiffs
against J. M. Keen for $2,200, against W. W. Emery for
$8,250, and against M. J. Gruber for $11,550, making a
total of $22,000.

The undisputed facts are as follows:   The Gruber Lumber
Company is a domestic corporation, with a capital stock of
$20,000, all of which has been subscribed and paid for.   At
all times herein mentioned, appellants have been the owners
of all the capital stock of the lumber company, and appel-
lants W. W. Emery and M. J. Gruber have been the trustees
thereof.   In April, 1910, the Northern Pacific Railway Com-
pany commenced an action in the superior court for Cowlitz
county, seeking to acquire by condemnation certain land for
a right of way, which action resulted in an award of $25,000
for the land, and the payment of that sum by the railway
company into court, in pursuance of such award, in July,
1910.   Thereafter, a controversy arose between various claim-
ants to the money so paid into court by the railway company,
rested upon their claimed ownership of the land condemned.

A trial had in the superior court for the determination of the respective rights of these several claimants resulted in judgment awarding the whole $25,000 to the Gruber Lumber Company, as the owner of the land condemned, and the payment of the money to the lumber company by the clerk of the superior court on January 11, 1911.

At that time, the resources of the Gruber Lumber Company consisted of $3,000 in cash and other property of the value of $4,000. This $3,000, and also $3,000 of the $25,000 paid to the lumber company as the award in the condemnation proceeding, was, by its trustees, paid out on the indebtedness of the company, and the $22,000 remaining of the $25,000 received as the award in the condemnation proceedings was, by the trustees of the lumber company, divided between the stockholders of that company as follows: to J. M. Keen $2,200; to W. W. Emery $8,250, and to M. J. Gruber, $11,550.

At that time the trustees, and also Keen, the other stockholder, were acting under the honest belief that this $22,000 belonged to the lumber company. Thereafter, Marion Smith *et al.*, these respondents, who were claimants and parties to the controversy in the superior court as to the ownership of the $25,000 award paid into court by the railway company, appealed from the judgment of that court awarding the money to the lumber company. Thereafter, that judgment was reversed by this court, resulting in a judgment being rendered in the superior court in favor of these respondents against the Gruber Lumber Company for the sum of $25,000 on January 2, 1913. The decisions of this court resulting in that judgment are reported in *Northern Pac. R. Co. v. Smith,* 68 Wash. 269, 122 Pac. 1057, and *State ex rel. Smith v. Superior Court,* 71 Wash. 354, 128 Pac. 648.

Thereafter, on January 3, 1913, the day following the rendition of the judgment in the superior court, execution was issued thereon at the instance of Marion Smith *et al.*, these respondents, against the Gruber Lumber Company, and placed in the hands of the sheriff of Cowlitz county for serv-

ice.   Thereafter the sheriff returned the execution into court unsatisfied, being unable to find any property of the Gruber Lumber Company subject to execution, as shown by his endorsement thereof.   Thereafter, these garnishment proceedings followed, resulting in the judgments against appellants which they here seek to have reversed.

Counsel for appellants invoke the general rule that no greater rights as against a garnishee defendant can be acquired by a plaintiff than such as are possessed and enforceable by his debtor against such garnishee defendant, subject to certain exceptions which, it is insisted, are not applicable here; and argue that appellants are not indebted to the Gruber Lumber Company in any sum recoverable by that company from them.   Counsels' position is stated in their brief as follows:

"This court having held that the Gruber Lumber Company is not entitled to the money so paid into the registry of the court for the purchase of the right of way, it inevitably follows that the appellants were not indebted to the Gruber Lumber Company in any amount whatsoever and that the Gruber Lumber Company could not possibly maintain an action against them to recover the amounts so paid."

It is true that the $25,000 paid by the clerk of the superior court to the lumber company did not belong to that company, but it is plain that the lumber company received the $25,000 and became an involuntary trustee thereof for the benefit of respondents, to whom the money, in fact, belonged, as was later determined.   That $22,000 of this money was wrongfully, at least in a legal sense, paid out by the trustees to themselves and Keen, the only other stockholder of the company, is plain.   This was legally a wrong, because the $25,000 was a trust fund to which the stockholders of the lumber company had no right whatever; and also because, if this be regarded as the lumber company's own money, the payment of it to the stockholders in this manner was an unlawful depletion of the capital stock of the lumber company by the trus-

tees from its fixed amount of $20,000 down to practical insolvency, as is evidenced by the statement in this record of the resources of the lumber company, the amount of its indebtedness, and the return of the execution, issued upon respondents' $25,000 judgment against the lumber company, unsatisfied. Upon either of these theories, it seems to us the lumber company could recover these payments made to appellants, its stockholders, so clearly were they without right to receive such payments. Nor can we understand how appellants could be heard to question the lumber company's right to recover this money upon the theory that it did not belong to the lumber company, as suggested by counsel for appellants. Clearly, it was both the right and the duty of the lumber company to retain, and recover by suit, if necessary, this $22,000, as against appellants, though the lumber company was accountable therefor to respondents. It is elementary that "whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had or received." *Gaines v. Miller*, 111 U. S. 395; *Soderberg v. King County*, 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670; *Fidelity Nat. Bank of Spokane v. Henley*, 24 Wash. 1, 63 Pac. 1119.

Nor does the fact that the money may have been paid and received under the mistaken, though honest, belief that it belonged to the lumber company, prevent recovery from appellants. 30 Cyc. 1316. This was a mistake of fact, and the payment of the money by the lumber company to appellants rested upon no consideration whatever, legal or moral.

Some contention is made by counsel for appellants that, whatever rights respondents may have as against appellants, as stockholders of the Gruber Lumber Company, must be sought in equity. We cannot agree with this contention if counsel means thereby a suit in equity apart from a garnishment proceeding. A garnishment proceeding is, in substance, nothing more than a suit by a plaintiff against the garnishee

defendants, and we are unable to understand why equitable rights and defenses, as distinguished from those strictly legal, may not be invoked in a garnishment proceeding to the same extent as in an ordinary civil action. In *Millar & Co. v. Plass*, 11 Wash. 237, 39 Pac. 956, this court made some observations appropriate to this subject, as follows:

"We think that, if Knatvold was in fact the debtor of Lawrence, Box & Co., by reason of some understanding, either expressed, secret or otherwise, that he should be their trustee, agent, depositary or holder of the property, or any part of it, for their benefit, in order to keep their creditors from reaching it, then the plaintiff would be entitled to hold him as garnishee for the amount of property so held or received by him; and that, too, without regard to whether, as between themselves, Lawrence, Box & Co. could enforce a claim against Knatvold for it. To hold that a creditor cannot compel a garnishee to account for property received by him in virtue of a fraudulent and collusive arrangement with the principal debtor, would be to render the process valueless in many cases. As against the garnishing creditor, the garnishee holding the property of the principal debtor fraudulently is a wrong-doer, and his possession is not a rightful possession. *Cowles v. Coe*, 21 Conn. 220; *Healey v. Butler*, 66 Wis. 9 (27 N. W. 822); *Maher v. Brown*, 2 La. 492; Drake, Attachments (7th ed.), § 523.

"This rule encroaches on no constitutional or legal right of the garnishee. He is required to be served, and has the time afforded defendants in ordinary actions for answering, with the same right to a trial by jury upon issues settled under the direction of the court, and is surrounded by all the safeguards that the law would afford him in any form of action, including the right of appeal."

While it is here conceded that the $22,000 was paid to, and received by, appellants without fraudulent intent on their part, these remarks are nevertheless applicable in principle to the problem here presented. Wrongs growing out of honest mistake can be redressed in a proceeding of this nature as well as wrongs growing out of fraud. Another error relating to the form of the judgment is suggested by counsel

for appellants, but it is presented to us without argument on their part. We think it is without merit and does not require discussion.

The judgment is affirmed.

CROW, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.