[No. 20992.   Department Two.   February 20, 1928.]

Maude Wolfe Bosworth *et al., Respondents,* v. Clara Wolfe, *Appellant.*[1]

[1] Money Received (3, 4, 6)—From Third Persons—Persons Entitled and Liable. An action for money had and received may be maintained by the beneficiaries in a life certificate in a beneficial society against one who, by fraud, obtained an assignment of the certificate from the member while mentally incompetent, and the issuance of a substitute by the society upon which, after death of the member, she collected the sum justly due on the original certificate.

Appeal from a judgment of the superior court for King county, Jones, J., entered July 12, 1927, upon findings in favor of the plaintiffs, in an action for money received. Affirmed.

*John F. Reed* and *David J. Williams,* for appellant. *Benton Embree,* for respondents.

Holcomb, J.—This case is here, after a trial by the court, upon findings of fact, conclusions of law and judgment, without a statement of facts.

The amended complaint, upon which the action was tried, alleged substantially:

That Henry H. Wolfe was the father of respondents, and of appellant, and was, until the time of his death, a member of Blue Mountain Lodge No. 5, Ancient Order of United Workmen of Washington, which lodge

[1]Reported in 264 Pac. 413.

is located at Dayton, Washington. That under the constitution, rules and regulations of the order, the beneficiaries designated by each member are entitled to receive from the order the sum of $2,000 at his death. That on September 9, 1919, the lodge issued to Henry H. Wolfe a certificate evidencing his membership in the Dayton lodge, and designating respondents as beneficiaries thereunder, agreeing to pay them the sum of $2,000 at the death of their father. That respondents were, in accordance with the wishes and designation of Henry H. Wolfe, entitled to receive from and be paid by the order the sum of $2,000. That on September 18, 1925, Henry H. Wolfe, who was then over 88 years old, while living at the home of appellant in Bremerton, Washington, where he had lived since early in May, 1925, and while in a very weak, emaciated and feeble condition of body and mind, so as to be for many months, then and previously, confined to his bed and wholly unable to care for himself, and wholly dependent upon appellant for his physical needs and entirely under her control and influence, assigned and transferred the certificate of benefits of $2,000 to appellant.

That appellant is a woman of strong will power and dominating disposition, and that deceased, on account of his sick, debilitated and weak physical and mental condition at the time, was easily influenced and controlled by her, she being at all times in immediate attendance upon him. That the certificate was, at all times prior to the transfer, in the custody and control of appellant, and she, though knowing that respondents had been designated by her father as beneficiaries of the certificate in the sum of $2,000, with the intent to cheat and defraud respondents of their rights to receive that sum from the organization, pretended to cause her father to execute an assignment and transfer of such certificate, purporting to constitute appellant

beneficiary of the certificate. That respondents believe the act was not the act of Henry H. Wolfe, but was in truth and in fact the act of appellant, but that if the assignment was signed by Henry H. Wolfe, it was not his free act and will, but was induced and brought about by the appellant fraudulently and wrongfully overcoming and controlling the will and wish of Henry H. Wolfe during the time he was living in her home at Bremerton.

That at the time of the transfer, the deceased had not sufficient mental capacity to know and understand the nature and effect of business transactions or of the transaction in this case. That on September 18, 1925, appellant presented the certificate, so assigned, to the Grand Lodge of the Ancient Order of United Workmen at Seattle, and, for the purpose of and with the intent of defrauding respondents of their rights to the sum specified therein, represented to the officials of the lodge that the assignment was the act and deed of Henry H. Wolfe. That the Grand Lodge officials, relying upon the representations of appellant, issued to her another certificate, duly executed, in which she was designated as the beneficiary of the sum of $2,000. That had it not been for the false and fraudulent acts, conduct, statements and representations of appellant, the certificate in which respondents were designated the beneficiaries would not have been cancelled by Henry H. Wolfe, and the new certificate in which appellant was designated as beneficiary would not have been issued, and the sum of $2,000 would not have been paid to appellant, but would have been paid to respondents. That on February 1, 1927, respondents demanded of appellant the payment to them of the sum of $2,000, with interest at 6 per cent per annum from October 26, 1925, until payment of the same should be made by appellant, with which demand appel-

lant refused to comply. The prayer was for judgment against appellant in accordance with the allegations of the complaint.

Appellant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Appellant then answered, denying all allegations of fraud, undue influence, and mental incapacity set forth in the amended complaint; admitted the issuance of the certificate by Blue Mountain Lodge No. 5, A. O. U. W., in which the respondents were designated as beneficiaries; admitted that Henry H. Wolfe duly signed a form of assignment and transfer of the certificate, and that another certificate was duly issued by the proper officials of the A. O. U. W. evidencing the membership of Henry H. Wolfe in the organization, by the terms of which appellant was designated beneficiary in the sum of $2,000, payable by that organization upon the death of Henry H. Wolfe; admitted that upon the death of Henry H. Wolfe, upon her demand, the A. O. U. W. had paid to her, as the beneficiary designated in the certificate of membership last issued, the sum of $2,000; admitted demand and refusal of payment of the sum of $2,000; denied that she was indebted to the respondents in the sum of $2,000 or any part thereof; and prayed that the action be dismissed.

At the trial, at the conclusion of respondents' case, and at the conclusion of the whole case, appellant moved to dismiss the action upon the ground that the complaint did not state a cause of action against her, which motions were denied. At the conclusion of the trial, the court made findings of fact substantiating nearly all the allegations of the amended complaint.

The court found that, at the time Henry H. Wolfe performed the physical act of writing his name at the foot of the blank form on the back of his certificate of

insurance, on September 18, 1925, about one week immediately prior to his death, he was very weak and sick, mentally and physically, and by reason of his ill condition and affliction was not able to comprehend or understand what he was doing or the nature and extent of his act. The court also found that, after the death of Henry H. Wolfe, at the time appellant demanded of the A. O. U. W. the payment to her of the sum of $2,000, as beneficiary of Henry H. Wolfe, on October 26, 1925, the officials of the order relied upon the statements and representations of appellant and were ignorant of the want of mental capacity of Henry H. Wolfe at the time he signed his name to the form on the back of the original certificate, and, believing that the new order was a genuine one and that Henry H. Wolfe had lawfully designated the appellant as beneficiary of the sum specified therein, paid her the amount specified in the certificate.

Upon these findings of fact, the court concluded that the new beneficiary certificate, issued by the order in lieu of the original certificate, was at all times null and void, and that Henry H. Wolfe had never lawfully effected a change of beneficiary from respondents to appellant, and that the original beneficiary certificate issued by the order to Henry H. Wolfe remained in full force and effect at the date of his death, and that at that date respondents were the beneficiaries of Henry H. Wolfe and entitled to receive the sum specified in the certificate; that respondents were entitled to judgment against appellant for the sum of $2,000, with interest at six per cent from October 26, 1925, until paid. Judgment was entered accordingly.

Appellant assigns as error the overruling of the demurrer to the amended complaint and denying her motion made during the trial to dismiss the action

upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action.

Other errors are assigned upon the findings of fact and conclusions of law entered by the court, and in denying appellant's motion for a new trial, which cannot be considered here because the facts were not brought to this court.

[1] In brief, the question to be determined is whether the amended complaint stated sufficient facts to constitute a cause of action against appellant; in other words, whether, as a matter of law, respondents have a right of action against appellant for the money paid to her as hereinbefore set forth. Further allegations of the amended complaint and further findings of the trial court, which are material here, are these:

The Ancient Order of United Workmen is a fraternal corporation and benefit society, organized and operating under, and governed by, the insurance code of this state. Under the constitution of the order a member has the right to change his beneficiary, by executing, and having properly attested, the blank form on the back of his beneficiary certificate, authorizing the change and the issuance by the proper officials of a new certificate, naming the new beneficiary.

It is thus seen that the rules of the order and the certificate complied with Rem. Comp. Stat., § 7264 [P. C. § 3093], governing fraternal benefit societies in this state, providing that, with certain restrictions as to relationship to the member,

"  .   .   .   within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules and regulations of the society. .  .  ."

Therefore, when appellant presented the certificate with the order filled in on the back thereof, ostensibly

directing the name of the beneficiary to be changed, the officials of the order were, *prima facie,* justified in making the change. They were not bound to inquire into the mental competency of the member or whether undue influence had been exerted upon him to procure the order to change the beneficiary.

Appellant's chief contention is that no right of action lies on behalf of respondents against appellant as for moneys had and received by appellant, but that, if respondents have any right of action, it is against the order upon the certificate issued by the officials. Appellant contends that this matter comes squarely within the rules stated in 41 C. J. 41, § 20, reading:

"Where there are two claimants for the same money and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot sue him to recover the money, for the reason that, having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him, and, therefore, there is not, under the circumstances, any privity of contract on which to found the action."

Appellant stops her quotation there; but the remainder of the same paragraph reads:

"But it has been held that, where claims of two rival claimants are not independent, but are identical, and one title is superior to the other, the rule that payment to the wrong claimant does not affect the debt due the rightful creditor, or give rightful creditor the right to recover money from the wrongful claimant, does not apply. And where the liability of the persons to whom the money is due has been discharged by payment to one claimant who does not assert any hostile claim to the whole amount, it has been held that another claimant who is rightfully entitled to share in the money may maintain an action for money had and received against claimant so paid."

Appellant insists, however, that there is a plain distinction between the situation in this case which makes it apparent that the principles stated in the first portion of the paragraph quoted apply to her, and that the principles stated in the second portion of the paragraph do not apply to her. In other words, she insists that in this case there are two separate and independent claims against the A. O. U. W.: One belonging to appellant, in which respondents have no interest and upon which they could not maintain an action; and the other belonging to respondents, in which appellant has no interest and upon which she could maintain no action. It is claimed that comment is made by the editorial writer in Note 60 under a citation in C. J., *supra,* of the case of *Carnegie Trust Co. v. Battery Place Realty Co.,* 67 Misc. Rep. 452, 122 N. Y. Supp. 697. Upon examination, we find that what is alluded to by appellant as being a comment of the text writer of C. J. is the pronouncement of the opinion writer in the *Carnegie Trust Co.* case, *supra.* It was there said:

"In the cases of *Carver v. Creque,* 48 N. Y. 385, and *Hathaway v. Cincinnatus,* 62 N. Y. 434, the Court of Appeals also has, I believe, inferentially recognized the rule that, where there are not two independent claims to the money owed, but simply two parties claiming to be the owners of the same debt or chose in action, the party having the superior title may maintain an action for money had and received against the wrong claimant, if he received the money; and that court has expressly limited the application of the rule laid down in the earlier cases where the claims are independent, and held that it does not apply where there is one claim and the dispute is as to who has title to that claim. Where title is derived from a common source and one title is superior to that of the other, there is sufficient privity between the parties to support an action on an implied contract."

The last sentence is against appellant.

Appellant also places great reliance upon the case of *Shultz v. Boyd,* 152 Ind. 166, 52 N. E. 750, and cases and texts therein cited, and other cases following that precedent.

This court, long ago, deliberately refused to follow the precedent laid down in the *Shultz* case and cases following it. In *Soderberg v. King County,* 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670, we held:

" 'An action for money had and received lies against anyone who has money in his hands which he is not entitled to hold as against the plaintiff, and want of privity between the parties is no obstacle to the action . . . .'

" 'Whenever a man receives money belonging to another without any reason, authority, or consideration, an action lies against the receiver as for money received to the other's use; and this as well where the money is received through mistake, under color, and upon an apprehension, though a mistaken apprehension of having good authority to receive it, as where it is received by imposition, fraud, or deceit in the receiver.' "

Again, in *Fidelity Nat. Bank v. Henley,* 24 Wash. 1, 63 Pac. 1119, we carefully reviewed the authorities *pro* and *con* upon this question, reaffirmed the principle in the *Soderberg* case, *supra,* and repudiated the doctrine announced in the *Shultz* and other like cases. See, also, *Johnson v. Bank of Pasco,* 78 Wash. 59, 138 Pac. 295; *Smith v. Gruber Lum. Co.,* 81 Wash. 111, 142 Pac. 493.

The action for money had and received was invented by the common law judges to secure relief from the narrower restrictions of the common law procedure, which afforded no remedy in too many cases of merit. The action is a modified form of assumpsit. It has gone

through various transformations; first from tort, then from contract, and afterwards into a remedy where there was technically neither tort nor contract. It is founded on the principle that no one ought unjustly to enrich himself at the expense of another, and the gist of the action is that the defendant has received money which, in equity and good conscience, should have been paid to the plaintiff, and under such circumstances that he ought, by the ties of natural justice, to pay it over. *Haywood v. Northern Assurance Co. of Detroit,* 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D, 241.

In the above cited case, it is also held that the action does not fail because the payment did not destroy plaintiff's right of action against his debtor who has paid the money to defendant.

The rule is thus stated in 41 C. J. 60:

"The main principle by which to test the matter is whether in equity and good conscience, in view of the special facts of the case, defendant is entitled to retain the money as against plaintiff, not necessarily whether he has an absolute right to the money as against any person, . . ."

See, also, *Byram v. Thurston County,* 141 Wash. 28, 251 Pac. 103, 252 Pac. 943.

We consider that the question of the right of action on behalf of respondents for money had and received by appellant, which rightfully and justly belonged to respondents, is well settled by our own cases. We have no inclination to depart therefrom.

The above question of law being settled in this state, and it being shown that the attempted change of beneficiary in the certificate by the certificate holder was obtained when he was mentally incompetent, it could not be considered, in law or in fact, to be his own act and deed. The payment and appropriation of it was, therefore, wrongful; and it makes no difference, under

our cases, that there were two independent claims to the money represented by the certificate or that respondents and appellant were hostile claimants and not strictly in privity. The law creates the privity.

Upon reason and authority, therefore, we are satisfied the amended complaint stated a valid cause of action against appellant, and the demurrer and motions were properly overruled. The findings of the trial court being in support of the allegations of the amended complaint, the conclusions of law and judgment necessarily followed therefrom.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and ASKREN, JJ., concur.