[No. 31855.   Department One.   November 13, 1951.]

KILIAN SEEKAMP, *Appellant*, v. E. S. SMALL, *Respondent.*[1]

¹Reported in 237 P. (2d) 489.

*Tonkoff & Holst*, for appellant.

*Walter V. Swanson* and *Douglas A. Wilson*, for respondent.

DONWORTH, J.—Plaintiff brought action against defendant to recover the sum of $5,580. The substance of plaintiff's complaint was that he and defendant had been close friends for many years, that on the advice of defendant he delivered to him the sum of $1,500 to invest for plaintiff in onion futures, that defendant did so invest the money, buying five cars of onions, that the price of onions increased, that at plaintiff's direction defendant sold the onions, that plaintiff demanded from him the proceeds of the sale and that defendant refused to pay plaintiff.

Defendant answered admitting the allegations relating to the onion transaction except as to the amount of profit on the sale. The answer set up by way of cross-complaint two causes of action or counterclaims. Plaintiff demurred to the first cause of action contained in the cross-complaint and the court sustained the demurrer. In the second cause of action it was alleged that, after the sale of the onions, plaintiff told defendant to invest the proceeds of the sale in potato futures, that defendant did so invest the proceeds of the onion sale, that the price of potatoes declined, and that upon the sale of the potatoes a loss was sustained in excess of the amount realized on the onion sale.

Defendant asked for judgment against plaintiff in the amount by which the loss on the potato transaction exceeded the proceeds of the onion sale.

The action was tried to a jury which brought in a verdict for plaintiff in the sum of $5,500. Defendant moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court denied the motion for judgment notwithstanding the verdict, but entered an order granting defendant's motion for a new trial. Plaintiff has appealed from that order.

The following facts were established without contradiction. Appellant delivered $1,500 to respondent with directions to purchase onions in the future market. Respondent was engaged in making investments for a number of persons, some of whom were also interested in onion futures. On or about May 14, 1947, respondent purchased on margin five cars (4000 bags) of "November onions" for appellant, which he held in his own name along with approximately fifty other cars purchased for other investors. Early in October, 1947, respondent, not wishing to depress the market by selling too large a quantity at one time, sold the onions a few cars at a time. Because respondent held all the cars in his own name and disposed of them in this manner there was no segregation of any five specific cars for appellant. After selling all the cars, respondent credited each investor pro rata with the average of the proceeds he had obtained on all the sales.

Respondent testified that he purchased onions for appellant at $1.48 per bag and sold all the onions for an average price of $2.16 per bag so that appellant's profit was sixty-eight cents per bag on 4,000 bags. On cross-examination, respondent testified that this profit amounted to $2,720 and that, after the sale of the onions, he had in his possession $4,220 belonging to appellant, consisting of the $1,500 originally deposited with him plus this profit on the sale. Appellant's efforts to prove a greater profit ($1.02 per bag) were unsuccessful since there was no identification of any particular five cars as belonging to appellant.

While respondent admitted thus receiving $4,220, he testified that, at appellant's direction, he invested this sum in potato futures which resulted in a loss which more than

wiped out appellant's credit. Appellant flatly denied ever having authorized respondent to invest in potato futures. This issue was submitted to the jury by a special interrogatory as follows:

"Did the plaintiff Seekamp authorize and direct the defendant Small to re-invest in potato futures the net profit plus original investment in the purchase and sale of onions?"

The jury answered in the negative and their conclusion is supported by credible evidence.

Throughout the trial appellant asserted that his action was in tort and respondent, by appropriate objections at all stages, resisted the introduction of evidence relevant to a cause of action in contract.

The order of the trial court granting a new trial contained the following statements:

"That there is no evidence or reasonable inference from the evidence to justify the verdict and that it is contrary to law in that there was a failure of proof of a conversion of $5580, the sum alleged in the complaint to have been converted.

"And the Court does further find that the plaintiff has not established a cause of action in conversion as set forth in his complaint and therefore that his action should fail, and that the plaintiff should be accorded, and is hereby accorded, an opportunity to amend his cause of action so as to set forth an action in contract to which the defendant shall be entitled to set forth any and all proper defenses available to him in connection with said amendment or amended complaint; . . ."

Appellant assigns as error the granting of a new trial on either ground. His assignments are as follows:

"The Court erred in granting an order for a new trial on the grounds that the plaintiff had not established the cause of action stated in his complaint.

"The Court erred in invading the province of the jury in making a finding that there was no evidence to sustain the verdict rendered by the jury in the sum of $5,500.00."

It thus appears that it was the view of appellant, respondent, and the trial court that the action was one sounding in tort. The court concluded that the action was one for con-

version only and quite properly ruled that a cause of action in conversion had not been established by the evidence.

In a very able memorandum opinion the court examined and analyzed numerous authorities cited by the parties concluding:

"The plaintiff alleged in this case that $5580.00 of his money was misappropriated by the defendant. The evidence showed, at most, that only $4220.00 of his money was so misappropriated. The defendant constantly objected throughout the trial to any evidence which would have a tendency, if the pleadings were amended to conform to the proof, to set forth a different action than that alleged in the complaint. He maintained the position that if, as alleged, it was $5580.00 that was misappropriated, the proof would have to show a misappropriation of a sum of money $5580.00 in amount, since that was the only identifying feature of the specific property alleged to have been misappropriated.

"A misappropriation of $5500.00, the amount of the jury's verdict, is not shown by any evidence in the record.

"The Court concludes therefore that the plaintiff has not established his right to recover in the amount alleged in his complaint, in the amount fixed by the jury, in the amount of $4220.00, which is the amount shown by the evidence to have been received, as an average price, upon the sale of the plaintiff's onions, or in any other amount. The Court is inclined to agree with the defendant that since the plaintiff could not allege and prove the conversion of a specific amount of money, his right of action did not lie in tort, but rather in contract, based upon a request for an accounting as to the proceeds and the disposition thereof, received from the sale of the plaintiff's onions.

"Throughout the trial the defendant continued to suggest that he was agreeable to an amendment of the pleadings by which the plaintiff would seek recovery in an action ex contractu, asking for an accounting.

"In his written memorandum in support of his motion for judgment N.O.V. or for a new trial, the defendant again suggests that the plaintiff should have the opportunity to amend his pleadings so as to set forth an action in contract.

"The Court holds that the plaintiff has not established a cause of action as set forth in his complaint, and therefore that his action should fail, unless, of course, he is entitled to amend, as suggested by defendant, to set forth an action ex

contractu. As quoted by defendant in his brief, Rule of Practice 6 (3) provides:

" 'An amendment to a complaint may introduce a new or different cause of action.' The Court believes therefore that the plaintiff should be accorded an opportunity to amend his cause of action, setting forth an action for an accounting, to which, of course, the defendant would be entitled to set forth any proper defenses available to him, and to have the controversy between these parties settled on that basis. The motion for judgment N.O.V. will therefore be denied. The motion for a new trial will be granted."

■ We agree that an action in conversion was inappropriate in this case. Appellant cites some authority in support of his position; however, this court has previously committed itself to the rule followed by the trial court.

In *Davin v. Dowling*, 146 Wash. 137, 262 Pac. 123, we said:

"Money, under certain circumstances, may become the subject of conversion. But there can be no conversion of money, unless it was wrongfully received by the party charged with conversion or unless such party was under obligation to return the specific money to the party claiming it."

The rule stated in the *Davin* case, *supra*, is supported by the weight of authority. Bowers, The Law of Conversion, § 18.

Tested by this rule, it is apparent that the evidence in this case was insufficient to make out an action in conversion. The only reasonable inference from the evidence was that respondent was not required to deliver specific money to appellant.

■ We are of the opinion, however, that the failure of appellant to prove a cause of action in conversion does not of itself justify the granting of a new trial. The complaint contained allegations sufficient to state a cause of action for money had and received and the record is replete with evidence, admitted without objection, entitling appellant to recover on that cause of action. Appellant alleged and proved to the satisfaction of the jury that he gave respondent $1,500 to invest in onions, that respondent did invest it in onions, that the onions were sold at a profit of $2,720, that

appellant demanded the proceeds of the sale, and that respondent did not pay the proceeds ($4,220) to him.

In *Bosworth v. Wolfe*, 146 Wash. 615, 264 Pac. 413, 56 A. L. R. 1117, we said:

"The action for money had and received was invented by the common law judges to secure relief from the narrower restrictions of the common law procedure, which afforded no remedy in too many cases of merit. The action is a modified form of assumpsit. It has gone through various transformations; first from tort, then from contract, and afterwards into a remedy where there was technically neither tort nor contract. It is founded on the principle that no one ought unjustly to enrich himself at the expense of another, and the gist of the action is that the defendant has received money which, in equity and good conscience, should have been paid to the plaintiff, and under such circumstances that he ought, by the ties of natural justice, to pay it over."

An action for money had and received has been permitted by this and many other courts. *Soderberg v. King County*, 15 Wash. 194, 45 Pac. 785; *Johnson v. Bank of Pasco*, 78 Wash. 59, 138 Pac. 295; *Smith v. Gruber Lbr. Co.*, 81 Wash. 111, 142 Pac. 493; *Cone v. Ariss*, 13 Wn. (2d) 650, 126 P. (2d) 591; *Cherry v. Hayden*, 100 Cal. App. (2d) 416, 223 P. (2d) 878; *Corrigan v. Heard*, 225 S. W. (2d) (Tex. Civ. App.), 446. Such an action is particularly appropriate where an agent has received money which equitably and in good conscience belongs to the principal. 1 Mechem on Agency (2d ed.) 905, § 1234.

The jury having found against respondent on the issue of authorization to reinvest the proceeds of the onion sale in potato futures, the evidence clearly establishes that respondent had and received $4,220 to which appellant was entitled. We know of no reason why appellant should not recover it in this action.

Respondent in his answering brief and the trial court in its memorandum opinion allude to argument by appellant, in support of his demurrer to one cause of action in respondent's cross-complaint, in which appellant asserted that his action sounded in tort and that the cause of action set out

in respondent's cross-complaint sounded in contract and did not arise from the same transaction. It is respondent's contention that, because of appellant's insistence that his action sounded in tort and because the demurrer to respondent's cross-complaint was sustained, appellant is foreclosed from recovering on any cause of action not sounding in tort. However, neither appellant's demurrer nor the trial court's order sustaining it contain any mention of that ground. The argument of counsel on the demurrer is not a part of the record and, therefore, respondent's contention cannot be considered by us.

This is not a case where a party has alleged facts constituting one cause of action and proved facts entitling him to recover under a totally different cause of action. In this case, appellant both alleged and proved facts entitling him to recover for money had and received.

The jury returned a verdict in appellant's favor in the sum of $5,500. There is no evidence or reasonable inference therefrom to support a verdict for that amount. The evidence does establish appellant's right to recover $4,220.

The order of the trial court appealed from is hereby modified to provide that a new trial shall be granted unless appellant, within twenty days after the filing of the remittitur in the superior court, files a written consent to a reduction in the amount of the verdict from $5,500 to $4,220. In such event, judgment shall be entered for appellant in the sum of $4,220, together with interest thereon from November 1, 1947, at the rate of six per cent per annum.

As so modified, the order appealed from is hereby affirmed. Appellant will recover his costs on appeal.

MALLERY, HILL, GRADY, and WEAVER, JJ., concur.

---

February 27, 1952. Petition for rehearing denied.