[No. 33457. Department Two. November 14, 1957.]

MAUD M. MYERS, *as Executrix, Appellant,* v. GEORGE W. WILKINS, *as Administrator, Respondent.*[1]

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for appellant.

*George W. Wilkins, pro se.*

PER CURIAM.—This is an appeal from a judgment of dismissal entered in an action to recover for the conversion of $5,300. The sole issue presented is the sufficiency of proof.

The plaintiff, Maud M. Myers, who sues as the executrix of the estate of George E. Sarver, deceased, is the daughter of the late Mr. Sarver and one of the legatees named in his will. She testified that on December 21, 1949, her father, who was then ninety years of age and living in her home, had in his possession $2,960 in currency, and in this she is corroborated by her husband.

It was established that on January 11, 1950, Mr. Sarver left the home of his daughter. He went to the home of Eliza Ann Sarver (then eighty-two years of age), from whom he had separated in May, 1948, and was subsequently divorced, but for whom he apparently had a high regard and who was willing to take him in and look after him. He lived there until his death some three weeks later, February 2, 1950.

At the trial, Mrs. Sarver testified concerning some $1,162, which she had expended in connection with the care of Mr.

[1]Reported in 317 P. (2d) 907.

Sarver, his funeral, and the taking of his body back to Minnesota for burial, all of which sum she contended was a gift.

The substance of the trial court's findings is this: that the plaintiff never proved that Mr. Sarver had more money when he arrived at the home of his former wife than the $1,162 Mrs. Sarver accounted for; that the plaintiff never proved that Mrs. Sarver ever had possession of more than that amount.

The plaintiff having failed to establish a conversion, the trial court dismissed the action. The plaintiff appealed from the judgment of dismissal.

Mrs. Sarver died, pending this appeal, and George W. Wilkins, who had been appointed administrator of her estate, was substituted as the respondent in this case.

The plaintiff urges, on this appeal, that Mr. Sarver had $2,960 when he went to the home of Mrs. Sarver, and that only $1,162 has ever been accounted for. The plaintiff is willing to concede that the $1,162 represented legitimate expenditures on behalf of Mr. Sarver; however, she contends that the difference between $2,960 and $1,162, or $1,-798, was converted by Mrs. Sarver to her own use, and that her estate is liable to the plaintiff in that amount.

The plaintiff urges that no gift *inter vivos* was established. We deem it unnecessary to determine whether the $1,162, concededly spent by Mrs. Sarver, was a gift, as the plaintiff does not seek recovery of this amount. It is likewise unnecessary to determine whether Mr. Sarver made a gift to Mrs. Sarver of all of the money which plaintiff alleges was brought into her home. It is sufficient to say that the plaintiff failed to prove one of the material elements of a conversion, *i.e.*, that Mr. Sarver brought the $1,798 plaintiff now seeks to recover, into Mrs. Sarver's home, or that Mrs. Sarver ever had possession of that sum. *Seekamp v. Small* (1951), 39 Wn. (2d) 578, 237 P. (2d) 489.

We are entirely in accord with the trial court's conclusion that the plaintiff failed to prove the necessary elements to establish a conversion. Judgment affirmed.