VAN VALKENBURG MOSS & FLAHERTY v.
BUFFALO NATIONAL BANK OF BUFFALO.

226 N. W. 2d 918.

March 7, 1975—No. 45083.

*Coulter, Nelson & Sullivan* and *Lyle R. Frevert,* for appellant.

*Schroeppel & Lilja* and *Douglas Schroeppel,* for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff appeals from the judgment of the district court. We affirm.

Plaintiff, a Minnesota professional corporation, brought this action as assignee of Warren and Lenotine Erickson. In 1964, the Ericksons, as mortgagors, had entered into a mortgage agreement with defendant as mortgagee. In connection with this mortgage, the Ericksons signed a promissory note for $15,000. Defendant paid $6,549 of the proceeds to one Earl M. Campbell, who had been the only person to deal with defendant in arranging the mortgage. The Ericksons never brought an action in their own name against defendant alleging that the funds had been misapplied.

In 1970, plaintiff obtained an assignment of any cause of action the Ericksons might have against defendant and brought this action alleging that defendant failed to make payment of the proceeds of the promissory note as directed by the Ericksons. Plaintiff, in its brief, has designated its action as one for money had and received. The gist of such an action is that defendant has received money which, in equity and good conscience, should be paid over to plaintiff and under such circumstances that he ought to pay it over. Bosworth v. Wolfe, 146 Wash. 615, 264 P. 413, 56 A. L. R. 1117 (1928). It is a defense to this action that plaintiff has no equitable right to the money. See, Myers v. Hurley Motor Co. 273 U. S. 18, 47 S. Ct. 277, 71 L. ed. 515, 50 A. L. R. 1181 (1927); Houck v. Hubbard Milling Co. 140 Minn. 186, 167 N. W. 1038 (1918).

The trial court found that the Ericksons obtained the land which was subject to the mortgage for precisely the amount agreed upon and that no claims had ever been made against the Ericksons. The trial court concluded that plaintiff, as assignee of the Ericksons, was not entitled to recover the funds from defendant. We have examined the record and have found nothing which would compel us to reach a different conclusion.

Affirmed.