**Sandra McNABB, Appellant,**

v.

**KENTUCKY CENTRAL LIFE INSURANCE COMPANY, Appellee.**

No. 18648.

Court of Appeals of Texas,
Fort Worth.

April 1, 1982.

Larry M. Thompson, Fort Worth, for appellant.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland, William L. Kirkman, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment. Appellant, Sandra McNabb, brought an action for damages against the appellee, Kentucky Central Life Insurance Company, alleging that the proceeds of several life insurance policies insuring the life of her daughter, Glenda, were wrongfully paid to a third party as the result of a forged change of beneficiary form executed by Glenda's father, Eldias McNabb and an agent of the insurance company, Dale Tillery. Defendant Kentucky Life Insurance Company filed a motion for summary judgment contending that the proceeds were paid in good faith prior to any notice of claim by the plaintiff. The trial court granted defendant's motion for summary judgment. Plaintiff appeals.

We affirm.

Two policies on Glenda's life originally listed her mother, Sandra McNabb, as beneficiary, and the other policy listed the estate of the insured as the beneficiary. All three policies were issued several years prior to Glenda's death at the age of 12 years as the result of injuries received in an automobile accident on June 27, 1977. Change of beneficiary forms were received by the insurance company on June 29, 1977, dated June 21, 1977, changing the beneficiary on all policies from Sandra to Eldias McNabb, the girl's father. Notice of claim and proof of death forms were submitted by the new beneficiary and received by the insurance company early in July, 1977. An assignment of the proceeds on the policies from the beneficiary, Eldias, to Lucas Funeral Home to pay funeral expenses of the deceased girl was executed by Eldias and received by the insurance company in early July, 1977, and the insurance company paid the proceeds to the funeral home in August.

The purpose of the summary judgment rule is to provide a means of summarily terminating a case when it appears that only a question of law is involved and that no genuine issue of fact exists. *Straughan v. Houston Citizens Bank & Trust*, 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The granting of a summary judgment should be affirmed on appeal only if the record established a right to the summary judgment as a matter of law. *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814 (Tex.Civ.App.—Tyler 1980, no writ). This court must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Pack v. City of Fort Worth*, 552 S.W.2d 895 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.).

In its first point of error plaintiff alleges that the insurance company did not prove its right to judgment as a matter of law on its insurance policy defenses. She cites Tex.R.Civ.P. 166–A as authority for the proposition that in order for evidence to be admissible, sworn to or certified copies of documents must be attached to affidavits and defendant failed to do so. Plaintiff further alleges that the affidavit submitted by the insurance company makes no reference to documents or policy provisions which would make them admissible, and there is no evidence to show that these are the original policies which have been admit-

ted into evidence. An affidavit in support of defendant's motion for summary judgment was submitted, signed and sworn to by J. L. McDonald, manager of the Policy Benefits Division of Kentucky Central Life Insurance Company. In that document, he acknowledged and swore that he was aware and cognizant of all the facts set forth in the motion for summary judgment and that all facts and statements contained therein are true and correct. Rule 166–A(b) states that a party against whom a claim is asserted may move with or without support affidavits for summary judgment in his favor, and subsection (e) states that support affidavits shall be made on personal knowledge, setting forth facts admissible in evidence. Sworn to or certified copies of all papers referred to in the affidavit shall be attached thereto or served therewith. Defendant substantially complied with the requirements in Rule 166–A by the sworn to affidavit which was made a part of its motion for summary judgment. "Defects in form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex.R.Civ.P. 166–A(e). Plaintiff did not object to the admissibility of any evidence in the trial court.

▆ Plaintiff further asserts that the policy clause which allows for a change in beneficiary by the parent or guardian of a minor insured is not applicable because the forms were acted on after the insured's death. A provision in the policy sets out that the change of beneficiary shall take effect as of the date notice was signed, not when it is received. Proceeds from a life policy to be paid to the designated beneficiary upon the death of the insured became a vested right upon the death of the insured and should be paid to the beneficiary unless from some contingency the beneficiary is not entitled to recover same. *Pena v. Salinas*, 536 S.W.2d 671 (Tex.Civ.App.—Corpus Christi 1976, no writ). The insurance company had no knowledge of any irregularity in the change of beneficiary forms and certainly no proof that the transaction took place after the insured's death. The insurer is not under any duty to determine whether the change of beneficiary was procured or induced by improper means where it has no reason to believe or know that such was the case. G. Couch, Couch on Insurance 2d §§ 28:96, 28:108 (1960). *Bosworth v. Wolfe*, 146 Wash. 615, 264 P. 413, 56 A.L.R. 1117 (1928). Plaintiff further alleges that there was no evidence submitted to prove the insurance company's contentions in support of its defense. Upon review, we find such evidence contained in the depositions of the appellant. Further in Rule 166–A(c) those issues which are "not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal".

Appellant's first point of error is overruled.

▆ In her second point of error plaintiff asserts that there was a material issue of fact on fraud and good faith payment of proceeds on the policy. She argues that Dale Tillery was defendant's agent in that the insurance company accepted and approved the request for change of beneficiary and acted upon it by paying out proceeds. She asserts that the principal is liable for the acts of its agent, but it is a well-settled proposition in the law that the knowledge of an insurance agent will not be imputed to the insurance company where the agent is acting fraudulently and collusively for his own interest. G. Couch, Couch on Insurance 2d, §§ 26:451, 26:452 (1960). The prudent man rule did not require the defendant to have in its home office persons to handle the return checks who were familiar with the signatures of each of the more than twenty thousand agents and its policyholders. Facts were held not to establish negligence of the insurance company in failing to discover forgeries of its agent and misappropriations, so as to render it liable to plaintiff. *Star Restaurant v. Metropolitan Life Ins. Co.*, 105 Vt. 77, 163 A. 558 (1933). Plaintiff alleges that there is a fact question as to whether insurer made good faith payment prior to notice of an adverse claim, that the

receipt of proof of death should have put insurer on notice that the insured died before receipt of change of beneficiary forms.

Section 16 of Article 21.21 of the Texas Insurance Code provides in part that where a person who has been injured by an act defined as an unlawful deceptive trade practice in § 17.46 of the Deceptive Trade Practices Act committed by another in the business of insurance, the injured person may sue for his damages under this section, and, if successful, may recover three times the amount of actual damages, reasonable attorney's fees, and court costs. In this case, the insurer had a duty to comply with the change of beneficiary provision in the policy, and there was no reason to put it on notice that any fraud was perpetrated. The beneficiary was changed to a parent of the minor insured and the policies were assigned to the funeral home to pay burial expenses of the girl. The record does not establish that any act or conduct of defendant caused any confusion or misunderstanding between the parties or that they otherwise came within any of the provisions of § 17.46 relied upon by plaintiff, or that plaintiff suffered any damages by reason of defendant's conduct.

Plaintiff's point of error No. 2 is overruled.