500 So.2d 249 (1986)
CAPITAL PARTNERS INVESTMENT COMPANY, INC., Appellant/Cross Appellee,
v.
AMERICAN INVESTMENT GROUP, INC., Frank G. Baldwin, Each Individually and As General Partner of the Limited Partnership Defendants; Economic Recovery Associates, Ltd., III, a Limited Partnership; Realty Investment Fund, Ltd., 1976-C, a Limited Partnership; Economic Recovery Associates, Ltd., VI, a Limited Partnership; American Investment Group, Ltd., Xiv, a Limited Partnership; and American Investment Group, Ltd., I, a Limited Partnership, Appellees/Cross Appellants.
No. 85-481.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
Rehearing Denied January 23, 1987.
Philip M. Burlington, of Edna L. Caruso, P.A., and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant/cross appellee.
Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellees/cross appellants.
GLICKSTEIN, Judge.
This appeal by the plaintiff arises out of the judgment which awarded it over $100,000 in sales commissions but denied recovery on its claim for treble damages under the civil theft statute. The cross appeal has been abandoned.
We affirm, but for a different reason from that upon which the trial court relied in denying the claim, namely:
Plaintiff's claim for statutory theft against all Defendants is rejected on the facts presented as the Defendants did not intend to permanently deprive Plaintiff of any of its property.
The statute involved is Section 812.035(7), Florida Statutes (1983) pursuant to *250 which the plaintiff sought treble damages because of the defendants' alleged civil theft. The act constituting the alleged tort was the nonpayment of sales commissions earned by the plaintiff broker/dealer in sales of limited partnership interests in the defendants.
Plaintiff's theory is that the nonpayment constituted conversion. See §§ 812.012(2)(d) & 812.014, Fla. Stat. (1983). The record is devoid of any evidence that the commissions had been segregated in any of the transactions. Rather, it appears that the investments were received by the defendants; and that they did not pay the commissions due.
Conversion would have been applicable had the commissions been specifically identifiable funds of the plaintiff; and had the defendants deprived the plaintiff of its funds with an intent to do so for an indefinite time. The intent need not have been to deprive the plaintiff permanently. In Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corporation, 597 F.2d 570 (5th Cir.1979), a claim for conversion was appropriate because the law firm had recovered $300,000 in cash for the appellee client and kept possession of it all in a non-interest bearing trust account while suing its client for a claimed fee of $75,000.
The present case is governed by Belford Trucking Company v. Zagar, 243 So.2d 646, 648 (Fla. 4th DCA 1970), wherein this court said:
The requirement that the money be identified as a specific chattel does not permit as a subject of conversion an indebtedness which may be discharged by the payment of money generally. Hull v. Freedman, Tex.Civ.App. 1964, 383 S.W.2d 236. Therefore, where the parties have an open account, and the defendant is not required to pay the plaintiff identical moneys which he collected, there can be no action in tort for conversion. Garras v. Bekiares, 1946, 315 Mich. 141, 23 N.W.2d 239. A mere obligation to pay money may not be enforced by a conversion action. Dawkins v. National Liberty Life Insurance Co., D.C.S.C. 1967, 263 F. Supp. 119; 89 C.J.S. Trover & Conversion § 23; and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied. Seekamp v. Small, 1951, 39 Wash.2d 578, 237 P.2d 489.
See also Plotch v. Gregory, 463 So.2d 432 (Fla. 4th DCA 1985).
HERSEY, C.J., and DOWNEY, J., concur.